Ernest L. Colucci, J.
This is a motion brought by the petitioner for a writ of habeas corpus alleging that he is being illegally confined in the Hasten Park Rehabilitation Centre, a facility of the New York State Narcotic Addiction Control Commission.
Upon a hearing on the writ the petitioner alleges that he was not informed of the fact that his commitment was for an indeterminate term, not to exceed 36 months. He claims that he was under the impression that he was to be confined for treatment for a maximum period of 9 months. The petitioner is confined by virtue of his petition and a court order for civil certification under the Mental Hygiene Law (§ 206, subd. 2, par. a). Counsel was assigned for the purpose of this hearing at which the petitioner was present.
Upon considering the issue raised by the petitioner the court finds that the petitioner voluntarily petitioned the court for an order certifying him, an alleged narcotic addict, to the care and custody of the New York State Narcotic Addiction Control Commission. An order to appear for examination and hearing was issued and served upon the petitioner. Imprinted on that order is the following notice.
“ NOTICE
The alleged narcotic addict named herein is hereby notified that if he is found to be narcotic addict he may be certified to the care and custody of the Narcotic Addiction Control Commission for an indefinite period not exceeding three years. The alleged narcotic addict has a right to a hearing. The alleged addict has a right to the aid of counsel at every stage of the proceedings, and if financially unable to obtain counsel, then counsel shall be assigned by the Court at the time of the hearing specified in this Order.”
A certified medical report certifying to the narcotic addiction of the petitioner was submitted in accordance with the provisions of subdivision 3 of section 206 of the Mental Hygiene Law. Based on the foregoing an order certifying the petitioner as an addict to the care and custody of the Narcotic Addiction Control Commission was entered by the court.
A study of article 9 of the Mental Hygiene Law leads to the inescapable conclusion that a suspected narcotic addict, once a petition has been duly filed with the court by himself or some person authorized to do so under section 206 (subd. 2, par. a), has no choice but to comply with the subsequent procedures set forth in article 9. The suspected narcotic addict has no choice and no discretion in the matter.
*542 Section 200 of the Mental Hygiene Law, entitled “ Declaration of purpose ” states: “ The legislature finds and determines as follows: 1. The human suffering and social and economic loss caused by the disease of drug addiction are matters of grave concern to the people of the state. The magnitude of the cost to the people of the state for police, judicial, penal and medical care purposes, directly and indirectly caused by the disease of drug addiction, makes it imperative that a comprehensive program to combat ,the effects of the disease of drug addiction be developed and implemented through the combined and correlated efforts of federal, state, local communities and private individuals and organizations. 2. A comprehensive, program of compulsory treatment of narcotic addicts is essential to the protection and promotion of the health and welfare of the inhabitants of the state as well as to discourage the violation of laws relating to the sale, possession and use of narcotics and other dangerous drugs.” The Legislature has seen fit to declare that the problem of narcotic addiction is of ‘1 grave concern ” to the community. The declaration of purpose for this legislation, in addition to setting forth the reasons for this concern, also specifically states that it is to be compulsory. . There is no contractual nature to the proceeding whatsover. It is in the public interest that these procedures be mandatory and the Legislature in enacting these sections has adequately protected the constitutional rights of every person subject -to its provisions.
After a review of all the facts and circumstances herein and the application of the law it is the opinion of the court that there is no merit to the petitioner’s petition for a writ of habeas corpus.